**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FRC CLUB, L.L.C.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **THE CINCINNATI INSURANCE** | ) | |
| **COMPANY,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Serve: Director of the Missouri** | ) | |
| **Division of Insurance** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, FRC Club, L.L.C., and for its Complaint against the

Defendant, The Cincinnati Insurance Company, states as follows:

## PARTIES, VENUE AND JURISDICTION

1.      Plaintiff FRC Club LLC ("Plaintiff") is a limited liability company formed under

the laws of the State of Missouri, with its principal offices also located in Missouri.  The members

of Plaintiff are all residents of the State of Missouri.

2.      Plaintiff is the owner of the commercial property located at 10455 and 10341

German Blvd., Frontenac, Missouri (collectively, the "Insured Premises").

3.      Upon information and belief, Defendant The Cincinnati Insurance Company

("CIC" or the "Defendant") is an Ohio corporation with its principal place of business located in

Fairfield, Ohio and is licensed to, and does conduct, insurance business in the State of Missouri,

including St. Louis County.

1

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this District pursuant to 28 USC § 1391 because Plaintiff resides in this District, the Insured Premises is situated in this District, and the events giving rise to the claim upon which this suit is based occurred in this District.

## GENERAL ALLEGATIONS

6.      At all times relevant hereto, Plaintiff was insured pursuant to insurance contract whereby CIC agreed to insure the Insured Premises against property damage, being Policy No. No. ETD 051 72 70 (the "Policy"). A copy of the Policy is attached as *Exhibit 1* to this Complaint and is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the policy was December 31, 2018 to December 31, 2019.

7.      The Policy provided insurance coverage for accidental physical loss or accidental physical damage to the Insured Premises. The Policy is an "all risks" policy, which means that it provides insurance coverage for all accidental physical loss or damage to covered property within the policy period except as specifically excluded or limited by the Policy.

8.      The Policy's coverage for the buildings and structures on the Insured Premises was on a replacement cost valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

9.      Pursuant to the Policy, Plaintiff paid a premium to CIC in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

10.      On June 1, 2019, a severe storm event (involving large hail) struck the Insured Premises causing substantial damage (the "Loss"). As a result of the Loss, the Insured Premises

suffered immediate direct physical loss, including but not limited to, damage to the roofs, HVAC components, other exterior components, interior leaking, etc.

11.     The Policy was in effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion. Specifically, the Policy does not contain any exclusions or exceptions for hail damage, nor has CIC informed Plaintiff that the Insured Premises would not be covered for losses resulting from hail.

12.     The damage is visible to the naked eye and was clearly caused by hail.

13.     The damage requires repair and/or replacement of physical structures at the Insured Premises, including but not limited to, the roofs.

14.     On January 24, 2020, CIC retained Building Envelope Consultants, Ltd. ("BEC") to inspect the Insured Premises for hail damage, incorrectly providing BEC with the date of loss as January 20, 2020.

15.     BEC concluded that there was no report of a hail event on the (incorrect) date of loss of January 20, 2020, and furthermore, concluded that the hail damage was "insufficient in size to support a claim [that] the surrounding roof covering would be damaged" from the hailstorm.

16.     CIC then denied Plaintiff's claim, contending that there was no functional damage to the roof of the Insured Premises and that any damage was "cosmetic", which CIC averred was excluded under the Policy.

17.     In response, Plaintiff notified CIC that it incorrectly recorded the date of loss as January 20, 2020 when the actual date of loss is June 1, 2019.

18.     Plaintiff retained Mike Thompson with EFI Global ("EFI") to perform an inspection and condition assessment report to evaluate damages attributable to hail impact.

19.     Mr. Thompson issued a report on March 11, 2021, concluding that various portions of the Insured Premises had sustained substantial hail damage:

       a.     A significant hail event occurred at the loss location on June 1, 2019.

       b.     The hail event that occurred on June 1, 2019 caused damage to the metal roofs, flashings, foam roof and other lesser structure appurtenances as outlined herein.

20.     Plaintiff fulfilled all of the duties after the Loss that were imposed upon it by the Policy, and all conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived by CIC, or otherwise satisfied.

21.     Despite the significant, undeniable, and obvious hail damage to the Insured Premises and the fact that Plaintiff is at no fault in this matter, CIC has wrongfully denied Plaintiff's claim in contravention of the express terms and conditions of the Policy, as well as Missouri law.

22.     CIC is obligated to pay Plaintiff for loss it suffered pursuant to the Policy terms. Nonetheless, CIC has breached, and continues to breach, its obligations to Plaintiff by failing and refusing to tender to Plaintiff the coverage benefits under the Policy and compensate the Plaintiff for this covered loss.

23.     CIC's failure and refusal to pay for the Loss is without reasonable cause or excuse, and there is no reasonable coverage dispute concerning the Loss.

24.     CIC's failure to and refusal to pay for the loss is a material breach of the Policy and is without justification.

## COUNT I

### Breach of Contract (Against CIC)

25.     Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

26.     The Policy issued by CIC to Plaintiff is a binding contract and is supported by valid consideration.

27.     CIC is in total, material breach of the Policy, and CIC is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, CIC breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

28.     As a result of CIC's breach of contract, Plaintiff sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to, amounts owed pursuant to the Policy for the damage to the buildings located on the Insured Premises, temporary repairs and mitigation expenses, and all other amounts to which Plaintiff is contractually entitled pursuant to the Policy, as well as consequential damages, plus interest thereon.

29.     CIC's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that it has been unable to repair and/or replace much of the damage caused by the Loss as a result of the financial hardship unduly placed upon it as a direct and proximate result of CIC's failure to pay Plaintiff the proper amounts as required by the Policy.

30.     By reason of CIC's breach, Plaintiff has been deprived of the benefits due and owing under the Policy.

31.     CIC is liable to Plaintiff for its losses.

32.     As direct and proximate result of CIC's breach of the terms of the insurance contract, Plaintiff has suffered and continue to suffer damages in excess of Seventy-Five Thousand Dollars ($75,000).

**WHEREFORE**, Plaintiff prays this Court enter an award against Defendant CIC of compensatory damages, consequential damages, pre-judgment interest, costs of this action, and such other and further relief this Court may deem just and proper.

## COUNT II
### Vexatious Refusal to Pay - Mo. Rev. Stat. § 375.420 (Against CIC)

33.     Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein and further states:

34.     Despite proper demand for payment of the coverage provided under the terms of the Policy, CIC has failed, neglected, and refused to make full payment to Plaintiff under and in accordance with the terms and provisions of the Policy.

35.     Despite the obvious, visible hail damage to the Insured Premises, CIC has taken the unreasonable position that the hail damage was not caused by hail and/or constitutes cosmetic damage, which CIC incorrectly contends is excluded under the Policy.  At the time of the Loss, the Policy did not contain a cosmetic damage exclusion.

36.     Further, CIC intentionally refused to pay without reasonable cause or excuse, as evidenced, in part, by CIC's actions as described below:

        a.     CIC misrepresented the facts regarding the investigation of Plaintiff's claim, and misrepresented the Policy provisions relating to CIC's coverage and payment obligations;

        b.     CIC failed to attempt in good faith to effectuate the coverage provisions of the Policy;

c.      CIC compelled Plaintiff to initiate this litigation to obtain the coverage provided and benefits due under the Policy;

d.      CIC failed and refused to attempt in any reasonable manner to undertake adequate coverage efforts even though coverage is clear, obvious, and apparent;

e.      CIC refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information;

f.      CIC refused and failed to obtain all reasonably available information and generally ignored Plaintiff's claim;

g.      CIC failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies;

h.      CIC failed to promptly provide Plaintiff with a reasonable explanation for its refusal to fully pay Plaintiff's claim;

i.      CIC failed to timely and fully pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

j.      CIC made untrue, false, and fabricated representations regarding the existence of damage and the coverage provided by the Policy, all while CIC knew that these representations were untrue;

k.      CIC failed to acknowledge with reasonable promptness communications from Plaintiff;

l.      CIC failed to promptly provide a reasonable and accurate explanation of its justifications and reason for not paying Plaintiff's claim; and

m.      CIC engaged in such other acts toward Plaintiff that are contrary to the

duties owed to Plaintiff as established by the customs and practices in the

industry, the law, and the Policy.

37.     CIC's refusal to pay the Plaintiff the amounts due and owing under the policy of

insurance is vexatious and without reasonable cause or excuse, and Plaintiff is entitled to the relief

and remedies provided in Mo. Rev. Stat. § 375.420, including additional damages from CIC in the

amount of twenty percent (20%) of the first fifteen hundred dollars ($1,500) of the loss, ten percent

(10%) of the amount of the loss in excess of fifteen hundred dollars ($1,500) and a reasonable

attorney's fee.

**WHEREFORE**, Plaintiff prays this Court enter an award against Defendant CIC for

vexatious damages to be calculated pursuant to Mo. Rev. Stat. § 375.420, including a reasonable

attorney's fee, and such other further relief this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury.

Dated:  August 19, 2021            Respectfully submitted,


/s/ Douglas J. Winters
Douglas J. Winters, #65284MO
**The Winters Law Group, LLC**
190 Carondelet Plaza
Suite 1100
St. Louis, MO 63105
Tel: (314) 499-5200
Fax: (314) 499-5201
dwinters@winterslg.com

CLINTON H. SCOTT
(MO Bar #71257)
**McWHERTER SCOTT & BOBBITT, PLC**
54 Exeter Rd., Suite D
Jackson, TN 38305
(731) 664-1340
clint@msb.law

J. BRANDON McWHERTER*
(TN Bar #21600)
**McWHERTER SCOTT & BOBBITT, PLC**
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
(615) 354-1144
brandon@msb.law

 **\*to be admitted** *pro hac vice*

*Attorneys for Plaintiff*